UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-24267-GAYLES/TORRES

DR. MELISSA SELINGER,

    *Plaintiff*,

vs.

KIMERA LABS INC., a Florida
Corporation; DR. DUNCAN ROSS;
and ALEXANDER JELINEK,

    *Defendants*.

_____/

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
TO REQUIRE REMOTE DEPOSITIONS**

Plaintiff, Dr. Melissa Selinger ("Plaintiff"), through her undersigned counsel, respectfully seeks a protective order requiring the August 17, 2021 deposition of Luis Jordi Sereix and all other depositions in this case to proceed remotely on platforms such as Zoom, pending further order of Court or unless otherwise agreed by the parties. In support, Plaintiff states as follows:

1)     On July 29, 2021, counsel for Kimera Labs Inc. noticed the deposition of Luis Jordi Sereix to take place in person on August 17, 2021 at the offices of Universal Court Reporting in Fort Lauderdale, Florida. The in-person setting was consistent with the noticed settings of all other depositions of Florida residents by the Defendants to date.[1]

2)     Due to the resurgence of the COVID-19 pandemic, the undersigned counsel requested on August 12, 2021 that all depositions, including Mr. Sereix's, take place remotely.

---

[1] The Defendants noticed a deposition of a New York resident to take place on Zoom, although the witness did not appear. Another witness subpoenaed by the Defendants—a Florida resident—was deposed on Zoom after he requested the deposition take place remotely instead of in person, as had been noticed.

Specifically, the undersigned counsel stated, "In light of the resurgence of Covid, I object to the deposition of Jordi Sereix or anyone else taking place in person for the foreseeable future." Further, the undersigned counsel asked Defendants' counsel to "[p]lease advise whether you will agree to move the deposition to Zoom . . . ."

3) In response, attorney Peter Mavrick, counsel for Dr. Duncan Ross and Kimera Labs Inc, responded that "the deposition of Jordi Sereix needs to be in person as he will appear in person at trial." Mr. Mavrick then added, "[t]o clarify, the deposition of Jordi Sereix needs to be in person as he will appear in person at trial." [2]

4) This is not a sufficient reason to hold an in-person deposition given the health crisis currently taking place in Florida. Local news reports state that "Florida has reached its highest 7-day moving average of new COVID-19 cases since the start of the pandemic, according to the latest data from the U.S. Centers for Disease Control and Prevention. The CDC's metrics show the state reported a record 24,753 new cases Tuesday (the most recent day where data was available), bringing its 7-day average to 21,156." David Selig, *Florida averaging 21,000+ new COVID-19 cases per day: Cases and hospitalizations at record levels in latest data*, Local 10 (updated Aug 12, 2021., 4:05 p.m.), https://www.local10.com/news/local/2021/08/12/florida-averaging-over-21000-new-covid-19-cases-per-day/.

5) Should depositions proceed in person, it would not be feasible to realistically verify who is vaccinated and who is not. Notably though, a paralegal for Defendant Alexander Jelinek's counsel who attended in-person deposition proceedings in this case on July 13 and 14, 2021 appeared to take offense to the undersigned counsel's question at that time regarding the

---

[2] Mr. Mavrick has filed a motion for substitution seeking to be withdrawn as counsel for Dr. Ross, but not for Kimera. ECF No. 90. Plaintiff has opposed the motion. ECF No. 97. To date, the motion remains outstanding.

attendees' vaccination status before ultimately indicating she was not vaccinated. On numerous occasions, she also removed her mask in the presence of all the attendees.

6)   Moreover, it is well understood at this point that even vaccinated people can contract COVID-19. The CDC reports that "the Delta variant seems to produce the same high amount of virus in both unvaccinated and fully vaccinated people." *Delta Variant: What We Know About the Science*, U.S. Centers for Disease Control and Prevention, (updated Aug. 6, 2021), https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html. In other words, both vaccinated and unvaccinated people who contract Delta and other highly transmissible strains are highly contagious to others.

7)   The undersigned counsel is particularly concerned about exposure to COVID-19 to protect his family.

8)   First, the undersigned counsel has a child under the age of two who is presently ineligible to be vaccinated against COVID-19.

9)   Second, an immediate family member of the undersigned counsel was recently hospitalized with COVID-19 despite being fully vaccinated. Although this family member is thankfully no longer in the hospital and is now testing negative for COVID-19, some symptoms have persisted, causing concern.

10)   Third, other immediate family members have comorbidities that would put them at risk for heightened symptoms were they to contract COVID-19.

11)   The health risks associated with in-person depositions vastly outweigh any potential benefits.

12)   In fact, three witnesses have been deposed on Zoom in this case to date.

**WHEREFORE**, Plaintiff respectfully requests that the August 17, 2021 deposition of Luis Jordi Sereix and all other depositions proceed remotely on platforms such as Zoom, pending further order of Court or unless otherwise agreed by the parties, as well as any other relief the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

**I HEREBY CERTIFY,** pursuant to Local Rule 7.1(a)(3), that that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

/s/ Marc A. Burton
Marc A. Burton

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 12, 2021, I electronically served this document, via the CM/ECF filing system, on all counsel of record identified on the Service List below.

Respectfully submitted,
*Counsel for Plaintiff Dr. Melissa Selinger*

**THE BURTON FIRM, P.A.**
2875 N.E. 191st Street, Suite 403
Miami, Florida 33180
P: 305-705-0888 | F: 305-705-0008
pleadings@theburtonfirm.com

/s/ Marc A. Burton
Marc A. Burton        FBN 95318
Richard J. Burton     FBN 179337

## SERVICE LIST

Marc A. Burton, Esq.
Richard J. Burton, Esq.
THE BURTON FIRM, P.A.
*Counsel for Plaintiff Dr. Melissa Selinger*
2875 N.E. 191 Street, Suite 403
Aventura, Florida 33180
P: 305-705-0888 | F: 305-705-0008
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com

Peter T. Maverick, Esq.
Elizabeth O. Hueber, Esq.
MAVRICK LAW FIRM
*Counsel for Defendants Kimera Labs, Inc. and Dr. Duncan Ross*
1620 West Oakland Park Blvd., Suite 300
Fort Lauderdale, Florida 33311
peter@mavricklaw.com
elizabeth@mavricklaw.com

Bernard Egozi, Esq.
Yanina Zilberman, Esq.
Yuval Manor, Esq.
*Counsel for Defendant Dr. Duncan Ross*
EGOZI & BENNETT, P.A.
2999 NE 191 Street, Suite 407
Aventura, Florida 33180
begozi@egozilaw.com
yanina@egozilaw.com
ymanor@egozilaw.com
gale@egozilaw.com

Adam Schwartzbaum, Esq.
Howard Bushman, Esq.
THE MOSKOWITZ LAW FIRM
*Co-Counsel for Plaintiff Dr. Melissa Selinger*
2 Alhambra Plaza, Suite 601
Coral Gables, Florida 33134
P: 305-740-1423 | F: 786-298-5737
adams@moskowitz-law.com
howard@moskowitz-law.com

John Weinberg, Esq.
WEINBERG LAW FIRM, P.A.
*Counsel for Defendant Alexander Jelinek*
319 Clematis Street, Suite 711
Fort Lauderdale, Florida 33401
weinberglawpa@gmail.com